IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>DARNELL WHITE | Cr. No. 06-528<br><br>FILED MAY 1 1 2007 |

## MEMORANDUM/ORDER

Following his trial on January 22–24, 2007, a jury found defendant Darnell White guilty of one count of possession of marihuana in violation of 21 U.S.C. § 844(a) and one count of felon in possession in violation of 18 U.S.C. § 922(g)(1). On February 3, 2007, Darnell White, proceeding *pro se* filed a motion for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c), claiming that the evidence presented at trial was insufficient to support the jury verdict (Docket # 46).[1] For the reasons explained herein, I will deny defendant's motion.

### Evidence Presented at Trial

Evidence of the following was presented at trial: At 11:55 pm on October 2, 2005, two Philadelphia police officers, Brian James and Lonnie Adams, were in their patrol car

---

[1] Rule 29(c) provides that the defendant may move for a judgment of acquittal "within 7 days after a guilty verdict or after the court discharges the jury, whichever is later." Defendant filed a *pro se* letter requesting an extension in this case, which I granted by Order of March 8, 2007 (Docket No. 48).

on Schoolhouse Lane, approaching Germantown Avenue. They observed a Jeep Cherokee, which was traveling at a high rate of speed southbound down Germantown Avenue, run the red light at the intersection of Germantown Avenue and Schoolhouse Lane. The officers pulled the car over about five blocks later, and defendant White got out of the car. The officers noticed that he was the sole occupant of the car. Upon talking with White, the officers realized that he was intoxicated, and they arrested him for driving under the influence of alcohol. After White had been handcuffed and taken to the police car, they asked him if he had the registration for the vehicle. The defendant did not have his license or registration on him, so Officer James approached the car to look for it. When he got to the driver's side of the vehicle, Officer James discovered packets of marihuana in the center console between the two front seats of the car. He recovered the packets and continued to look for the registration. When he went around the passenger side to look in the glove box, he noticed a handgun loaded with four rounds of ammunition in plain view on the floor of the passenger side of the car.

At trial, the prosecution called Officer James, who testified to the events described above. The government then called Monica Smith, the owner of the Jeep Cherokee. She testified that at noon on October 2, 2005 she had loaned her car to White to use for the evening. She gave him the only set of keys to the car. She testified that she had been the last person to drive the car before loaning it to White, and that she had last driven the car on or around October 1, 2005 with her three young daughters. She further testified that

the car did not have drugs or a gun in it when she loaned it to White.

## Standard of Review

The standard of review with respect to a motion for judgment of acquittal for insufficiency of the evidence is as follows:

> We must sustain the verdict if there is substantial evidence, viewed in the light most favorable to the government, to uphold the jury's decision. As we have made clear, a court must be ever vigilant in the context of Fed. R. Crim. P. 29 not to usurp the role of the jury by weighing credibility and assigning weight to the evidence, or by substituting its judgment for that of the jury.

*United States v. Flores*, 454 F.3d 149, 154 (3d Cir. 2006) (internal citations and quotation marks omitted). When considering a motion for judgment of acquittal after a jury has returned a guilty verdict, the court must view the evidence in the light most favorable to the government and determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). I may overturn the conviction "[o]nly when the record contains no evidence, regardless of how it is weighted, from which the jury could find guilt beyond a reasonable doubt." *United States v. Anderson*, 108 F.3d 478, 481 (3d Cir. 1997).

## Analysis

In his motion, defendant argues that there was insufficient evidence for a jury to convict him of constructive possession of the marihuana and gun found in the car. As the Third Circuit has held, constructive possession occurs when "a person, who, although not

in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons." *United States v. Garth*, 188 F.3d 99, 112 (3d Cir. 1999). "Various types of circumstantial evidence may be used to establish dominion and control, but few are sufficient as proof alone." *United States v. Bellinger*, 461 F. Supp. 2d 339, 347 (E.D. Pa. 2006). Mere proximity is not enough to establish constructive possession. *See United States v. Jenkins,* 90 F.3d 814, 818 (3d Cir. 1996) (quoting *United States v. Brown*, 3 F.3d 673, 680 (3d Cir. 1993)). When contraband is found in an automobile, control of the vehicle is a significant factor, as "[c]ommon sense counsels that an owner and operator of a vehicle usually has dominion and control over the objects in his or her vehicle of which he or she is aware, and usually knows what is in that vehicle." *United States v. Iafelice*, 978 F.2d 92, 97 (3d Cir. 1992). However, simple ownership or control of a vehicle is insufficient on its own to establish constructive possession of an item in the vehicle. *Brown*, 3 F.3d at 683. The connection must be supported by "additional evidence." *Id.*

In this case, when the evidence is viewed in the light most favorable to the government, a jury could have reasonably inferred that White was in constructive possession of the marihuana and the weapon. While proximity to contraband is not exclusively dispositive, it is a substantial factor when considering constructive possession in a vehicle where the defendant is the sole occupant. *See Bellinger*, 461 F. Supp. 2d at 347 (finding that vehicle occupant's proximity to the contraband is a "substantial

4

consideration"); *U.S. v. Lopez*, 271 F.3d 472, 487 (3d Cir. 2001) (same).

In addition to White's proximity to the marihuana and the weapon, there are several additional factors that underscore the sufficiency of the evidence. The contraband was found in a vehicle that been in White's exclusive control for over twelve hours. He had the only set of keys to the vehicle. The vehicle's owner, who had used the car the day before to transport her three young children, testified that neither marihuana nor a gun were present in the vehicle when she loaned it to the White. All of these factors, taken in concert, provide sufficient evidence from which the jury could find guilt beyond a reasonable doubt.

FILED MAY 1 1 2007

AND NOW, this 10 day of May, 2007, upon consideration of defendant's Motion for Judgment of Acquittal (Docket No. 46), it is hereby ORDERED that defendant's motion is DENIED.

BY THE COURT:

_____
Pollak, J.